MARGOLD RESIDENCE CORP., Respondent, *v.* ROSE YOUNGER, Appellant.

First Department, June 21, 1955.

*Murray Rafsky* of counsel (*Malcolm A. Cohen* with him on the brief; *Smith & Rafsky,* attorneys), for appellant.

*Nathan H. Elman* of counsel (*Klein, Wikler & Gottlieb,* attorneys), for respondent.

*Per Curiam.* The lease between defendant landlord and plaintiff's predecessor expressly prohibited the making of any alterations in the demised premises without the prior written consent of the landlord. Plaintiff, in its second cause of action, sought a judgment declaring that under a provision of the lease requiring the tenant to make repairs, it was permissible to (1) install new electrical outlets and wiring; (2) remove traps in the premises and install new traps; and (3) fire-retard walls and the area behind electric ranges without the landlord's consent. The premises are used as a rooming house and there is evidence that the occupants used hot plates in their rooms for cooking purposes. Each floor, however, had a community kitchen and the roomers were supposed to do all cooking therein.

The plaintiff now proposes to install in each room a refrigerator with electric coils on top for cooking purposes. To enable the plaintiff to make this conversion, it is necessary not only to install new wiring and outlets, and new traps and to fire-retard the walls, but also to install pipes three inches in diameter going through the floor on each level.

We cannot agree with the conclusion of the trial court that these are repairs. They are structural changes in the building. Moreover, the lease provides that the tenant will not do anything that will increase the rate of fire insurance upon the building. It may be gathered from the record that these changes will so increase the rate. The plaintiff has attempted to skirt this requirement by conceding that it will be liable for and will pay any increase in fire insurance premiums caused by the installation of the combined refrigerators and electric stoves. The lease between the parties, however, may not be so rewritten by judicial decree.

The judgment appealed from should be modified so as to eliminate any relief to plaintiff pursuant to its second cause of action of the complaint and, as so modified, the judgment is affirmed, without costs to either party. The defendant did not seek in her answer any judgment declaring her rights in the matter and therefore the second cause of action in the complaint is dismissed.

CALLAHAN, J. P., BREITEL, BASTOW and RABIN, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed, without costs. Settle order on notice.

Appeal [from order] unanimously dismissed.